NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

WILLILAM JAMES DONLEY,                :
                                      :        CIV. NO. 23-21818 (RMB-SAK)
                 Plaintiff            :
                                      :
        v.                            :              **OPINION**
                                      :
NEW JERSEY STATE POLICE,              :
et al.,                               :
                                      :
                 Defendants           :
_____


**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon *Pro Se* Plaintiff William James Donley's submission of a civil rights complaint, application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, and a series of letters regarding his state court criminal proceedings.[1] Plaintiff, who is not presently confined, alleges he is a pretrial defendant in the New Jersey state courts.  His IFP application establishes his financial eligibility to proceed without payment of the filing fee and will be granted.  (Dkt. No. 1-2.)  For the reasons discussed below, the Court will dismiss the complaint without prejudice.

---

[1] Federal Rule of Civil Procedure 15 governs amendment of pleadings.   If Plaintiff wishes to supplement or amend his complaint, he must comply with the requirements of Rule 15. This Court does not construe Plaintiff's letters as supplemental or amended complaints.

## I.    *Sua Sponte* Dismissal

When a person is granted IFP status, courts must review the complaint and *sua sponte* dismiss any claims that are:   (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).   "The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions."   *Pierre v. Beebe Hosp./Med. Ctr.*, 38 F. Supp. 3d 475, 478 (D. Del. 2014) (citing *e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).   A complaint fails to state a claim under Rule 12(b)(6) when a plaintiff has not alleged sufficient "nonclusory" facts to establish a plausible claim for relief, a standard which requires "more than a mere possibility" of misconduct by the defendants.   *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009).

## II.    DISCUSSION

Plaintiff's complaint arises out of his arrest, search of his bag at the time of his arrest, pretrial detention, and criminal prosecution in New Jersey in 2023.   The circumstances surrounding Plaintiff's arrest, including the personal involvement of each defendant, are not well pled.   It appears that Plaintiff was arrested in early 2023, with the involvement of a number of different county, city and state police departments, based on events preceding and involving Plaintiff's bus ride from Baltimore to New Jersey.   Plaintiff's bag was searched and his property was

confiscated by police upon the arrival of his bus in New Jersey.    Plaintiff was

accused of threatening Police Officer Keith O'Donnell, which Plaintiff alleges is a lie.

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute … of any
> State … subjects … any citizen of the United States … to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other
> proper proceeding for redress….

Plaintiff has named defendants who are immune from liability because they

are not "persons" within the meaning of § 1983.    While municipalities are "persons"

within the meaning of § 1983, *Monell v. Dep't of Social Services of the City of New York*,

436 U.S. 658, 690 (1978), municipal police departments are not separate entities

from the municipalities themselves, and are not subject to suit under § 1983.

*Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 181 (3d Cir. 2013) (citing N.J. Stat.

Ann. § 40A: 14–118) (additional citation omitted).    Plaintiff may bring his § 1983

claims against the counties and cities involved, if he can allege sufficient facts to

establish that he suffered a constitutional injury "inflicted by 'execution of a

government's policy or custom.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d

Cir. 2010) (quoting *Monell v. Dep't of Social Services of the City of New York*, 436 U.S.

658, 694 (1978)).

Unlike municipalities, the State of New Jersey and the New Jersey State

Police Department have sovereign immunity under the Eleventh Amendment.    *Will*

3

*v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (stating New Jersey has not waived its sovereign immunity); *see Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655 (3d Cir. 1989) (describing "arm of the state" analysis for Eleventh Amendment immunity).    Therefore, the Court will dismiss the § 1983 claims against New Jersey State Police Department with prejudice.

County prosecutor offices, when engaged in classic law enforcement and investigative functions, are arms of the State, and therefore, immune from § 1983 liability under the Eleventh Amendment.    *Beightler v. Off. of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009).    Plaintiff has not alleged any actions by the County Prosecutor Offices that fall outside their investigative or classic law enforcement activities.    The Court will dismiss the § 1983 claims against the County Prosecutor Offices without prejudice.

Plaintiff sued the following individuals in his complaint:    William Johnson, Jr., Keith O'Donnell, Carlos Depoder, and Charles Wiggenton.    Plaintiff alleges he was falsely arrested, detained and prosecuted for threatening Police Officer Keith O'Donnell.    To state a claim for false arrest in violation of the Fourth Amendment, a plaintiff must allege that he was arrested without probable cause.    *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).    For courts "to determine whether an arrest was supported by probable cause, we 'look[ ] to the totality of the circumstances' and do 'not require that officers correctly resolve conflicting evidence

4

or that their determinations of credibility were, in retrospect, accurate.'" *Olson v. Ako*, 724 F. App'x 160, 167 (3d Cir. 2018) (*Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005)).   The complaint is too vague for this Court to determine the totality of the circumstances surrounding Plaintiff's arrest, search and seizure, detention, and prosecution and the personal involvement of each individual defendant.   Therefore, the Court will dismiss without prejudice Plaintiff's § 1983 claims against Defendants William Johnson, Jr., Keith O'Donnell, Carlos Depoder, and Charles Wiggenton.

## III.   CONCLUSION

For the reasons stated above, the Court will dismiss the § 1983 claims against the defendant police departments and subdivisions with prejudice.   Plaintiff is granted leave to file an amended complaint to allege additional facts in support of his claims against the remaining defendants and to allege municipal liability claims.

An appropriate Order follows.

**DATE:**   **January 10, 2024**

s/Renée Marie Bumb
Renée Marie Bumb
Chief United States District Judge